Opinion of the Court, by
Judge Mills.
TO a petition and summons on-a note for the direct payment of money, the defendant belovy^ps administra-trix, pleaded that the note was given fora gaming consideration^ in five different forms.
The plaintiff objected to those pleas, because they were not verified by oath, The court bellw at first deemed the o.ath necessary,. and time was given to produce it. , In the mea» time, the parties, by consent, fcub-mitted the pleas to the court, with an agreement that fee court should consider their validity as upon demurrer, not waiving the objection that they were not sworn to. The clerk, at the same time, made an entry of the filing the pleas, and that there was a demurrer and join-der thereto, and an agreement.
' At the close of the term, the court returned the pa-' pers to the clerk, with a direction to enter the demurrer overruled; which entry was accordingly made, and final judgment was not rendered, but the cause continued in that state until the next term, to fill the time given to produce an affidavit to the pleas.
At the next term, no affidavit was made, and the counsel for the plaintiff moved the court to correct the record by striking out the entry of a demurrer, and overruling thereof, because no demurrer or joinder was actually filed. The court refused to do so. The plaintiff’s counsel refused, to reply to the pleas, unless they were sworn to, which was refused, the court then not supposing it to be necessary; and the court completed the record by entering final judgment on the demurrer *113 ¡sor the defendant, from which the plaintiff below appealed.
(1) An entry that a plea is filed, when it is not the fact, will avail nothing in this court; for if the plea be not found on record, it will be taken not to exist— Arg.
(2) The agreement of parties to dispense with the demurrer to pleading, if indulged, ought to bo entered on record — Arg. The consequence of the want of a demurrer or agreement in its stead, not settled.
(3) The parol agreement of counsel, to " •submit pleas as on demurrer, inado at one term, when judgment on it was given, may be entered at the succeeding term, when final judgment is rendered.
(4) it is not necessary to yorify by affidavit, a plea that a note was executed oh a gaming nonsideratiun
*113 We do not admire the practice of a court, in taking pleadings into consideration as on demurrer, and of entering a' demurrer and joinder, when none are there.
(1) Sucli a practice, we discover, is sometimes indulged by the inferior courts, to the frequent embarrassment of thia, and even pleas are sometimes found noted when none exist, and, of course, they are to be treated by tins court as not existing. .
(2) If.parlies are ever indulged in the practice, the court ought generally to show upon the record, that the parties consented thereto, and that their agreement was to stand in ail things as a demurrer.
It is, however, unnecessary for ns now to decide what would have been the consequence in this court, to thi3 'demurrer, if no such agreement and no demurrer had appeared, because the court has finally entered on record that there was such an agreement.
(3) And as the parties agreed, so (hey ought to stand; for it could not be correct, as the counsel for the plaintiff in the court below seems to have supposed, for the court, under a private agreement to take the pleas and give an inofficial or unrecorded opinion thereon. At all events, the court was not hound to do so, and did right in holding the parties to a demurrer,' when they had agreed it should have the effect of one; and finally, of entering Ihe truth of the case on record. There was, therefore, no error in refusing to change the record, and the court below did right in extending it so far as to tell the whole truth.
(4) Although the court seemed, in the first instance, to have supposed that an affidavit to the truth of the pleas was necessary, yet finally it came to a different conclusion, and this conclusion we approve. To have required tile affidavit, would have been in direct conflict with the decision of this court in the case of Burton, &c. vs. Emerine, 1 Litt Rep. 409. 3t is true, that certain picas which impeach and go into the consideration of sealed instruments, are required to be sworn to, by an act of 1815, 1 Dig. L. K. 285; but they are such pleas as arc admitted under the statute of 1801, 1 Dig. L. K. 257; and it is evident, that the legislature intended, by the latter statute, to admit pleas which give colour of consideration, and then impeach and shew-its *114 entire failure, and which could not be permitted at common law: and that it has and can have no bearing * ^ upon pleas given by particular statutes, such as the acts against gaming and usury. To restrain captious proceedings under the statute, and to .put salutary re-5y-.a^n{s thereon-, whereby delay and injustice might 'ensue, was the design of the statute of 1815. The aili-‘dátil, therefore, was whollj' unnecessary, and the plaintiff must lake the consequences of refusing to reply without it, unless the pleas which the court supported as valid-, arc invalid.
Tirst plea Reid sufficient
Second plea holdsufiicient
Third pteá.
fourth plea,
Fifth pica,
The con-snffioienc a*of i.he'three^Iast pleas undetermined.
(5) his the earning con-sitiera tion by the obli-gee, not to-the obligor, that the law respects and makes to vitiate the instrument.
*114 The first plea alleges that the note was given in con'sideration of money lost by the intestate, and wort by the plaintiff, at a certain illegal game of cards played' hy the parties, and for no other consideration.
The second stales the rujie was given in consideration of money lost by the intestate at a certain game of eftrds ¿0'which the .plaintiff was a party, and for no other consideration. 1 ■
The third states that the note was given “on account óf a -gaming consideration, at a Certain game of cards,” át a certain time and placó-, and to which the plaintiff was privy, arid of which he had notice, and for no other consideration.
The fourth alleged that the note was executed “for and on account of a gaming consideration, at a certain unlawful game before that time played by said intestate, of and to which the plaintiff had notice and was privy.”
The 'fifth states that “ the intestate made and executed the writing to secure the payment of the sum of money therein contained, which was lost by the intestate at an unlawful game of cards by him played, of which unlawful play and loss the plaintiff had notice, and to secure the payment whereof, and for no other consideration whatever, was said writing, executed.” . _ <
_ Of the validity of the three last pleas, we entertain some doubt, arising,from their cautious phraseology, in averr‘ng that the notes were given for a gaming corn sideration, as to the.defendant’s intestate, and keeping out of sight the consideration as to the plaintiff,
(5) p- ¡3 possible, that the notes might be wholly founded on a gaming consideration, as to the intestate, and yet, as to the plaintiff, be founded on a different *115 and valid considera.tion; in which casé ihis.couj’t has decided such demands lo be recoverable.
(6) On a general demurrer to several pleas, if one be good, judgment must be in bar of the, plaintiff’s' action.
Crittenden, for appellant; Logan, for appellee..
it is the consideration given by the obligee or payee of the note, to which the law has respect. If that is. vitious,. the plaintiff has no right to recover.
(6) But we d.o not deem it necessary to give ajiy positive opinion on these pleas; because this is a general. demyrrer to all, and if any one is good, the demurrer ought lo huye been overruled, and.judgment in bar to be rendered, and of the first and second.pleas, ive apprehend, no doubt can be entertained.
The first,, in terms, declares the sum to be won by the-plaintiff of the intestate, and the second, that it was lost by the intestate at a game to which the plaintiff was a party, and for no other consideration... These come fully up to what the act of assembly against gaming requires, and present a good bar to the plaintiff’s action.
We, therefore, conceive that there is no error in the judgment, and it must be affirmed with costs.